PHILLIPS *vs.* DAVIS *et al.*

The terms upon which an injunction is granted are in the discretion of the chancellor, and unless that discretion has been abused, this court will not interfere. In this case the terms imposed are legal and reasonable, and such as should have been imposed under the evidence before the chancellor as disclosed by the record.

Injunction. Before Judge HALL. Newton County. At Chambers. September 27, 1878.

Phillips filed his bill against Davis *et al.* Its object was to enjoin defendants from proceeding to enforce a certain mortgage *fi. fa.* against him, to have a full account and settlement with them of various matters set out, and to have

so much of what was due him, as might be necessary, applied to the extinguishment of the mortgage debt, with a decree for the balance. Insolvency, etc., was alleged. The evidence before the chancellor was conflicting. He granted the injunction, provided that it should be dissolved and the *fi. fa.* proceed, upon the giving by the principal defendant of a good bond to pay such decree as complainant might recover. Complainant excepted.

E. N. BROYLES, for plaintiff in error, cited Code, §3085; 7 *Ga.*, 238; Waterman on Set-off, pp. 8, 9, 192 (169), 281 (245), 297 (264), 428 (402), 434 (411), 440 (417 and note); Code, §3086; 1 Story's Eq., §64 *g.*; High on Inj., §§13, 718; Kerr on Inj., 210, 211.

CLARK & PACE, for defendants.

JACKSON, Justice.

If there be any doubt about the judgment in this case, it is upon the question whether an injunction should have been granted at all. Judgment had been obtained upon a mortgage of realty; it was regularly foreclosed; and the *fi. fa.* was levied some time after the foreclosure. Possibly there was equity in the bill, but it was sworn off by the answer. Equity will hesitate before enjoining a judgment at all, and the cases in which it is ever done are well defined. Kerr on Injunctions, chap. 3.

The terms are always in the discretion of the chancellor. Kerr, pp. 18-19.

Sometimes the chancellor, in a case like this, will require the money to be actually paid in court by the complainant before an injunction shall be directed in his favor. Kerr, p. 20.

The evidence before the chancellor in this case was conflicting, and he required *the defendant* in equity to secure the complainant, before he would permit the mortgage *fi. fa.* to proceed; and to that end to give bond with good secu-

rity to indemnify complainant, if complainant recovered on the hearing; if defendant did this, then he could go on with the collection of the judgment of foreclosure and prosecute his levy, otherwise he was enjoined. Surely the defendant in *fi. fa.*, who is the complainant in equity, and who sought the injunction, could ask no more, and if the chancellor erred at all, it was in his favor.

The chancellor in our judgment, as he granted the injunction, was right to modify his order by allowing the *fi. fa.* to proceed whenever Davis, the mortgage creditor, gave the bond and security.

Judgment affirmed.